IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CORVETA HOUSTAN | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:14-cv-1518 |
| | : | |
| v. | : | JUDGE LESLEY WELLS |
| | : | |
| DEALZ AUTO TRADE, INC. | : | |
| | : | |
| and | : | |
| | : | |
| CREDIT ACCEPTANCE CORP. | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT, DEALZ AUTO TRADE, INC. AND CROSS-CLAIM AGAINST CREDIT ACCEPTANCE CORP.**

Now comes Defendant, Dealz Auto Trade, Inc. ("Defendant"), through the undersigned counsel, and for its Answer to Plaintiff's Complaint states as follows:

**FIRST AFFIRMATIVE DEFENSE**

1. Paragraph 1 of the Complaint does not contain factual allegations for which a response is required. To the extent a response is required, Defendant denies the same.

2. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore denies the same.

3. Defendant admits that it is an Ohio corporation, is a licensed motor vehicle dealer and has a principal place of business at 640 E 152nd Street, Cleveland, Ohio 44110. Defendant denies all other allegations in Paragraph 3.

4. Defendant lacks information sufficient to form a belief as to the truth of the allegation as to the location of co-Defendant Credit Acceptance Corporation. To the extent a response is required, Defendant denies all other allegations contained in Paragraph 4 of the Complaint.

5. Defendant lacks information sufficient to form a belief as to the truth of the allegation as to the location of co-Defendant Credit Acceptance Corporation. To the extent a response is required, Defendant denies all other allegations contained in Paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint and therefore denies the same.

8. Defendant admits that it is licensed by the State of Ohio to sell used motor vehicles and was engaged in the business of selling, advertising, promoting and offering for sale used motor vehicles. Defendant denies all other allegations in Paragraph 8.

9. Defendant lacks information sufficient to form a belief as to the truth of the allegation that the Bill of Sale attached as Exhibit 1 is a true and accurate copy of the bill of sale. Defendants do admit that Plaintiff purchase the vehicle for a price of $7798, $150 document prep fee, sales tax of $670.14 and title, registration and filing fees of $20.50.

10. Defendant admits Plaintiff was sold GAP insurance for $599. Defendant denies all other allegations contained in Paragraph 10.

11. Defendant admits the total amount of the purchase was $9,337.64. Defendant denies all other allegations contained in Paragraph 11.

12. Defendant admits Plaintiff paid $4,000 cash deposit and financed $5,337.64 through Credit Acceptance. Defendant denies all other allegations contained in Paragraph 12.

13. Defendant admits it had a "dealer servicing agreement" with Credit Acceptance and was one of their "Dealer-Partners" at the time Plaintiff purchased her vehicle. Defendant denies all other allegations contained in Paragraph 13.

14. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14. To the extent a response is required, Defendant denies all allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 16. To the extent a response is required, Defendant denies all allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that as part of its agreement with Credit Acceptance, Defendant entered their inventory into credit Acceptance system. Defendant denies all other allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

19. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 19. To the extent a response is required, Defendant denies all allegations contained in Paragraph 19.

20. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint. To the extent a response is required, Defendant denies the allegations contained in Paragraph 20.

21. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint. To the extent a response is required, Defendant denies the allegations contained in Paragraph 21.

22. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 22. To the extent a response is required, Defendant denies all allegations contained in Paragraph 22 of the Complaint.

23. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 23. To the extent a response is required, Defendant denies all allegations contained in Paragraph 23 of the Complaint.

24. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 24. To the extent a response is required, Defendant denies all allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits the Plaintiff's interest rate was 24.99%. Defendant denies all other allegations contained in Paragraph 25.

26. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 26. To the extent a response is required, Defendant denies all allegations contained in Paragraph 26 of the Complaint.

27. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 27. To the extent a response is required, Defendant denies all allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Paragraph 33 of the Complaint does not contain factual allegations for which a response is required. To the extent a response is required, Defendant denies the same.

34. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 34. To the extent a response is required, Defendant denies all allegations contained in Paragraph 34 of the Complaint.

35. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 35. To the extent a response is required, Defendant denies all allegations contained in Paragraph 35 of the Complaint.

36. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 36. To the extent a response is required, Defendant denies all allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits it sold the vehicle for $7,798. Defendant denies all other allegations contained in paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 43. To the extent a response is required, Defendant denies all allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint does not contain factual allegations for which a response is required.  To the extent a response is required, Defendant denies the same.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 47. To the extent a response is required, Defendant denies all allegations contained in Paragraph 47 of the Complaint.

48. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 48. To the extent a response is required, Defendant denies all allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint does not contain factual allegations for which a response is required. To the extent a response is required, Defendant denies the same.

52. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 52. To the extent a response is required, Defendant denies all allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint does not contain factual allegations for which a response is required. To the extent a response is required, Defendant denies the same.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant lacks information sufficient to from a belief as to the truth of the allegations contained in Paragraph 60. To the extent a response is required, Defendant denies all allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint does not contain factual allegations for which a response is required. To the extent a response is required, Defendant denies the same.

64. Defendant admits the allegations contained in Paragraph 64.

65. Defendant admits the allegations contained in Paragraph 65.

66. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66. To the extent a response is required, Defendant denies the allegations in Paragraph 66.

67. Paragraph 67 of the Complaint does not contain factual allegations for which a response is required. To the extent a response is required, Defendant denies the same.

68. Defendant admits it signed a "dealer servicing agreement" with Credit Acceptance and was one of their "Dealer-Partner" at the time Plaintiff purchased her vehicle. Defendant denies all other allegations in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in Paragraph 71 of the Complaint.

72. Defendant admits that Credit Acceptance does not advance the full amount financed to a car dealership. Defendant denies all other allegations in Paragraph 72.

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant denies the allegation contained in Paragraph 77.

## SECOND AFFIRMATIVE DEFENSE

78. Plaintiff failed to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred by the applicable statute of limitations

## FOURTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred by the doctrines of waiver, laches, and equitable estopple.

## FIFTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

82. Any violations of the Consumer Sales Practices Act, if at all, are the result of a bona fide error.

Defendant reserves the right to assert additional affirmative defense, counterclaims and/or third party claims as discovery progresses.

WHEREFORE, Defendants prays that this Court dismiss this action at Plaintiff's cost and award Defendant its attorneys' fees for the defense to this action.

## CROSS CLAIM AGAINST DEFENDANT CREDIT ACCEPTANCE CORP. FOR INDEMNIFICATION

83. Defendant is party to a Dealer Service Agreement with Credit Acceptance Corporation ("CAC").

84. The Dealer Service Agreement allows Defendants to participate in CAC's lending program and computer system.

85. CAC solely controls the operation and maintenance of its computer system.

86. Plaintiff's Complaint alleges CAC's computer system violates the Consumer Sales Practices Act, the Retail Installment Act, the Truth In Lending Act and cause Fraud/Misrepresentation during the sale and caused Defendant and CAC to conspire to commit all the previously mentioned violations.

87. To the extent that Defendant is held liable by Plaintiff for any violation as a result of using CAC's computer system, CAC is liable for such damages.

88. CAC, as the sole controller of its computer system, is liable to Defendant for any liability arising thereof.

Respectfully submitted:

*[signature]*

---

Shaun K. Petersen     (0072444)
MAC MURRAY PETERSEN & SHUSTER, LLP
6530 West Campus Oval, Suite 210
New Albany, Ohio  43054
Telephone:  (614) 939-9955
Facsimile:  (614) 939-9954
E-mail:  spetersen@mpslawyers.com
*Attorney for Defendant Dealz Auto Trade, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing pleading was served via the Court's CM/ECF System this 21st day of July, 2014, upon the following:

| | |
|---|---|
| Michael L. Berler, Esq. | Maria C. Burnette |
| Ronald I. Frederick, Esq. | James S. Wertheim |
| Frederick & Berler, LLC | McGlinchey Stafford |
| 1370 Ontario Street, Suite 240 | 25550 Chagrin Boulevard, Suite 406 |
| Cleveland, Ohio 44113 | Cleveland, Ohio 44122 |
| *Counsel for Plaintiff Corveta Houston* | *Counsel for Defendant Credit Acceptance Corp.* |

*[signature]*

---

Shaun K. Petersen     (0072444)
Attorney at Law

10