# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CORVETA HOUSTON, | CASE NO: 1:14-cv-1518 |
| Plaintiff, | JUDGE LESLEY WELLS |
| vs. | |
| DEALZ AUTO TRADE, INC., *et al.*, | **ANSWER OF DEFENDANT CREDIT ACCEPTANCE CORP.** |
| Defendants. | |

For its Answer to the Complaint filed by Corveta Houston, ("Plaintiff"), Defendant Credit Acceptance Corp. ("Credit Acceptance"), states as follows:

## I. INTRODUCTION

1. Paragraph 1 of the Complaint contains no allegations to which a response is required. Credit Acceptance denies any factual allegations contained in Paragraph 1.

## II. THE PARTIES

2. Credit Acceptance is without information sufficient to admit or deny the factual allegations contained in Paragraph 2 of the Complaint and therefore denies them. Credit Acceptance denies the legal conclusions contained in Paragraph 2 of the Complaint.

3. Credit Acceptance is without information sufficient to admit or deny the factual allegations contained in Paragraph 3 of the Complaint and therefore denies them. Credit Acceptance denies the legal conclusions contained in Paragraph 3 of the Complaint.

4. Credit Acceptance admits the factual allegations contained in Paragraph 4 of the Complaint. Credit Acceptance denies the legal conclusions contained in Paragraph 4 of the Complaint.

5. Credit Acceptance admits that it is a financial services company and denies the remaining allegations contained in Paragraph 5 of the Complaint.

### III. FACTUAL ALLEGATIONS

6. Credit Acceptance admits the allegations contained in Paragraph 6 of the Complaint.

7. Credit Acceptance is without information sufficient to admit or deny the factual allegations contained in Paragraph 7 of the Complaint and therefore denies them. Credit Acceptance denies the legal conclusions contained in Paragraph 7 of the Complaint.

8. Credit Acceptance is without information sufficient to admit or deny the allegations contained in Paragraph 8 of the Complaint and therefore denies them.

9. Credit Acceptance admits the allegations contained in Paragraph 9 of the Complaint.

10. Credit Acceptance admits the allegations contained in Paragraph 10 of the Complaint.

11. Credit Acceptance admits the allegations contained in Paragraph 11 of the Complaint.

12. Credit Acceptance admits the retail installment contract reflects a down payment of $4,000 and that the remainder of the amount due was financed. Credit Acceptance is without knowledge sufficient to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies them.

13. Credit Acceptance admits the allegations contained in Paragraph 13 of the Complaint.

14. Credit Acceptance states that any public filings by Credit Acceptance speak for themselves and otherwise denies the allegations contained in Paragraph 14 of the Complaint.

15. Credit Acceptance denies the allegations contained in Paragraph 15 of the Complaint.

16. Credit Acceptance denies the allegations contained in Paragraph 16 of the Complaint.

17. Credit Acceptance admits that the dealer's inventory is entered into its system but denies that it sets the price for any vehicle and denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Credit Acceptance denies the allegations contained in Paragraph 18 of the Complaint.

19. Credit Acceptance states that any reports published by the NADA speak for themselves and denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Credit Acceptance states that any reports published by the NADA speak for themselves and denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Credit Acceptance states that any reports published by the NADA speak for themselves and denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Credit Acceptance states that any reports published by the NADA speak for themselves and denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Credit Acceptance denies the allegations contained in Paragraph 23 of the Complaint.

24. Credit Acceptance denies the allegations contained in Paragraph 24 of the Complaint.

25. Credit Acceptance admits that the subject retail installment contract lists the "Annual Percentage Rate" as 24.99% and denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint contains legal conclusions to which no response is required. Credit Acceptance denies any factual allegations contained in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint contains legal conclusions to which no response is required. Credit Acceptance denies any factual allegations contained in Paragraph 27 of the Complaint.

28. Credit Acceptance denies the allegations contained in Paragraph 28 of the Complaint.

29. Credit Acceptance denies the allegations contained in Paragraph 29 of the Complaint

30. Credit Acceptance denies the allegations contained in Paragraph 30 of the Complaint.

31. Credit Acceptance denies the allegations contained in Paragraph 31 of the Complaint.

32. Credit Acceptance denies the allegations contained in Paragraph 32 of the Complaint.

## IV. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
Violation of the CSPA, R.C. §4505.03(B)(2)
(Excessive Price for Vehicle)
(Dealz)

33. Credit Acceptance incorporates its answers to Paragraphs 1-32 of the Complaint as if fully set forth herein.

34. Paragraph 34 of the Complaint contains legal conclusions to which no response is required. Credit Acceptance denies any factual allegations contained in Paragraph 34 of the Complaint.

35. Credit Acceptance states that any reports published by the NADA speak for themselves and denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Credit Acceptance states that any reports published by the NADA speak for themselves and denies the remaining allegations contained in Paragraph 36 of the Complaint.

37. Credit Acceptance states that any reports published by the NADA speak for themselves and denies the remaining allegations contained in Paragraph 37 of the Complaint.

38. Credit Acceptance states that any reports published by the NADA speak for themselves and denies the remaining allegations contained in Paragraph 38 of the Complaint.

39. Credit Acceptance denies the allegations contained in Paragraph 39 of the Complaint.

40. Credit Acceptance denies the allegations contained in Paragraph 40 of the Complaint.

41. Credit Acceptance denies the allegations contained in Paragraph 41 of the Complaint.

42. Credit Acceptance denies the allegations contained in Paragraph 42 of the Complaint.

43. Credit Acceptance denies the allegations contained in Paragraph 43 of the Complaint.

44. Credit Acceptance denies the allegations contained in Paragraph 44 of the Complaint.

**SECOND CLAIM FOR RELIEF**
Violation of RISA, R.C. § 1317.061
(Usury)
(Dealz and Credit Acceptance)

45. Credit Acceptance incorporates its answers to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. Credit Acceptance denies the allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. Credit Acceptance denies any factual allegations contained in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. Credit Acceptance denies any factual allegations contained in Paragraph 48 of the Complaint.

49. Credit Acceptance denies the allegations contained in Paragraph 49 of the Complaint.

50. Credit Acceptance denies the allegations contained in Paragraph 50 of the Complaint.

### THIRD CLAIM FOR RELIEF
Violation of the Consumer Sales Practices Act
Violation of RISA
(Dealz and Credit Acceptance)

51. Credit Acceptance incorporates its answer to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Paragraph 52 of the Complaint contains legal conclusions to which no response is required. Credit Acceptance denies any factual allegations contained in Paragraph 52 of the Complaint.

53. Credit Acceptance denies the allegations contained in Paragraph 53 of the Complaint.

### FOURTH CLAIM FOR RELIEF
Fraud/Misrepresentation in the Sale and Financing of the Vehicle
(Dealz and Credit Acceptance)

54. Credit Acceptance incorporates its answer to Paragraphs 1 through 53 of the Complaint as if fully rewritten herein.

55. Credit Acceptance denies the allegations contained in Paragraph 55 of the Complaint.

56. Credit Acceptance denies the allegations contained in Paragraph 56 of the Complaint.

57. Credit Acceptance denies the allegations contained in Paragraph 57 of the Complaint.

58. Credit Acceptance denies the allegations contained in Paragraph 58 of the Complaint.

59. Credit Acceptance denies the allegations contained in Paragraph 59 of the Complaint.

60. Credit Acceptance denies the allegations contained in Paragraph 60 of the Complaint.

61. Credit Acceptance denies the allegations contained in Paragraph 61 of the Complaint.

62. Credit Acceptance denies the allegations contained in Paragraph 62 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
(FTC Holder Rule-Derivative Liability)
(Credit Acceptance Only)

63. Credit Acceptance incorporates its answer to Paragraphs 1 through 62 of the Complaint as if fully rewritten herein.

64. Credit Acceptance admits the allegations contained in Paragraph 64 of the Complaint.

65. Credit Acceptance admits the allegations contained in Paragraph 65 of the Complaint.

66. Credit Acceptance denies the allegations contained in Paragraph 66 of the Complaint.

## SIXTH CLAIM FOR RELIEF
(Civil Conspiracy to Charge Excessive Price, Violate TILA and Commit Usury
(Dealz and Credit Acceptance)

67. Credit Acceptance incorporates its answer to Paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. Credit Acceptance admits the allegations contained in Paragraph 68 of the Complaint.

69. Credit Acceptance denies the allegations contained in Paragraph 69 of the Complaint.

70. Credit Acceptance denies the allegations contained in Paragraph 70 of the Complaint.

71. Credit Acceptance denies the allegations contained in Paragraph 71 of the Complaint.

72. Credit Acceptance denies the allegations contained in Paragraph 72 of the Complaint.

73. Credit Acceptance denies the allegations contained in Paragraph 73 of the Complaint.

74. Credit Acceptance denies the allegations contained in Paragraph 74 of the Complaint.

75. Credit Acceptance denies the allegations contained in Paragraph 75 of the Complaint.

76. Credit Acceptance denies the allegations contained in Paragraph 76 of the Complaint.

77. Credit Acceptance denies the allegations contained in Paragraph 77 of the Complaint.

## V. PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning of page 13 of the Complaint with "WHEREFORE," Credit Acceptance denies all allegations and denies that Plaintiff is entitled to the requested relief, all sub-paragraphs inclusive.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Credit Acceptance upon which relief may be granted.

2. Some or all of the claims alleged by Plaintiff are barred by the applicable statutes of limitations.

3. Some or all of the claims alleged by Plaintiff are barred by the doctrines of accord and satisfaction.

4. Some or all of the claims alleged by Plaintiff are barred by principles of res judicata and/or collateral estoppel.

5. Plaintiff failed to mitigate her damages (the existence of which damages is denied).

6. The claims alleged by Plaintiff should be dismissed, due to her own conduct and/or breaches of her retail installment contract.

7. Some or all of the claims alleged by Plaintiff are barred by the doctrine of unclean hands.

8. Plaintiff's alleged damages are the direct and proximate result of her own acts, omissions, negligence, fault, or breach.

9. Plaintiff's alleged damages were the direct and proximate result of the acts or omissions of persons other than Credit Acceptance and over whom Credit Acceptance had no authority or control.

10. Plaintiff's alleged damages were caused solely by the conduct of Claimant and/or other persons who intervened between the alleged acts of Credit Acceptance and the claimed damages or liability.

11. Some or all of the claims alleged by Plaintiff are barred by the doctrines of waiver and/or estoppel.

12. Some or all of the claims alleged by Plaintiff are barred by the statute of frauds and/or the parol evidence rule.

13. Some or all of the claims alleged by Plaintiff are barred by the doctrine of ratification.

14. Some or all of Claimant's claims are barred by the voluntary payment doctrine.

15. The penalties that Plaintiff seeks to recover are unconstitutional.

16. Plaintiff failed to plead fraud with the requisite particularity.

17. Credit Acceptance is not a supplier in a consumer transaction that is or can be held liable under the Ohio Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq*. ("CSPA").

18. The vehicle purchase by Plaintiff was not made for personal, family or household purposes and she is not a "consumer" within the scope and application of the statutes and causes of action referenced in the Complaint.

19. Any alleged TILA violations were not apparent from the face of the loan disclosure statements referenced in 15 U.S.C. §1641(e), barring any assignee liability.

20. Plaintiff is not the real party in interest for the claims she purports to assert.

21. Plaintiff's claims fail because she did not provide Credit Acceptance with notice of its alleged "usury" violations under RISA.

22. Credit Acceptance reserves the right to assert any and all affirmative defenses that may develop during the course of this matter, via discovery or otherwise.

WHEREFORE, Credit Acceptance Corporation respectfully requests that Plaintiff's Complaint against it be dismissed at Plaintiff's cost and that it be entitled to any and all relief allowed by law.

## COUNTERCLAIM

Now comes Credit Acceptance and for its Counterclaim states as follows:

## COUNT ONE

1. Counterdefendant Corveta Houston has in her possession the following described property: a 2005 Buick Lacrosse, Vin # 2G4WD532X51217880, which was purchased pursuant to a retail installment contract assigned to Counterplaintiff Credit Acceptance.

2. Counterplaintiff is entitled to possession of said property because of its contract with Counterdefendant, a copy of which is attached as Exhibit A hereto, the terms of which are in default.

3. Counterdefendant's continued possession of said property is wrongful because of Counterplaintiff's entitlement to possession.

4. Counterplaintiff is, or will be, damaged by Counterdefendant's continued possession of said property because the property is depreciating in value, Counterplaintiff is unable to collect its contractual balance as stated below, and is unable to recover the property to which it is entitled.

5. Said property is located at 1392 E. 263rd Street, Euclid, OH 44132.

6. The property was not taken for a tax assessment or fine pursuant to statute or seized under execution of judgment against the property of the Counterplaintiff or, if so seized, it is statutorily exempt from seizure.

## COUNT TWO

7. Counterplaintiff realleges and reavers the allegations contained in Count One.

8. Counterplaintiff is the holder of a retail installment contract executed by Counterdefendant on March 1, 2013. A copy of the said retail installment contract is attached hereto as Exhibit A.

9. The amount due and owing on the retail installment contract is $3,812.47 plus interest at the rate of 24.99% per annum from August 19, 2014 plus costs and fees per the terms of the retail installment contract.

10. Counterdefendant has defaulted under the terms of said retail installment contract by failing to make the required payments, and Counterdefendant has failed to liquidate the balance due and owing.

WHEREFORE, the Counterplaintiff demands:

1) On Count One, that Counterplaintiff be granted possession of the property heretofore described in Count One;

2) On Count Two, a judgment against the Counterdefendant in the amount of $3,812.47 with interest at the rate of 24.99% per annum from August 19, 2014 plus costs and fees per the terms of the retail installment contract plus costs of the within action; and

3) For such other and further relief as is just and equitable.

Respectfully submitted,

*/s/ Maria C. Burnette*
Maria C. Burnette (0088507)
James S. Wertheim (0029464)
McGlinchey Stafford
25550 Chagrin Boulevard, Suite 406
Cleveland, Ohio 44122
Telephone: (216) 378-9905
Facsimile: (216) 378-9910
cburnette@mcglinchey.com
jwertheim@mcglinchey.com

## **CERTIFICATE OF SERVICE**

     **I CERTIFY** that a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system on August 20, 2014.  Notice of this filing will be sent to the following  by operation of the court's electronic filing system.

Michael L. Berler, Esq.
Ronald I. Frederick, Esq.
Frederick & Berler, LLC
1370 Ontario Street, Suite 240
Cleveland, Ohio  44113
*Counsel for Plaintiff Corveta Houston*

Shaun K. Petersen
Allison L. Harrison
Mac Murray, Petersen & Shuster, LLP
6530 West Campus Oval, Suite 210
New Albany, Ohio  43054
*Counsel for Defendant*
*Dealz Auto Trade Inc.*

                                              */s/ Maria C. Burnette*
                                              Maria C. Burnette